### SCHWARTZ v. NATHAN et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1911.)

MALICIOUS PROSECUTION (§ 72*)—EVIDENCE—INSTRUCTIONS.

    Where in an action for malicious prosecution, for the prosecution of plaintiff for the larceny of coats on which he had performed labor, the evidence was conflicting as to the time plaintiff obtained possession of the coats, the circumstances under which he obtained the same as to his purpose in doing so, and as to his conduct subsequently thereto, and the court charged that on a trial for larceny the fact that the property was appropriated openly and avowedly under a claim of title preferred in good faith, though untenable, was a defense, defendant was entitled to instructions as to the effect of appropriating the property with violence and secreting the same, and as to the effect of plaintiff's willful conduct not in good faith.

    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 168–173; Dec. Dig. § 72.*]

Appeal from Trial Term, Kings County.

Action by Samuel Schwartz against Arthur J. Nathan and another. From a judgment for plaintiff and from an order entered in the clerk's office denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Emanuel J. Myers (Gordon S. P. Kleeberg, on the brief), for appellants.

Charles G. F. Wahle, for respondent.

BURR, J. In this action for malicious prosecution, brought by Samuel Schwartz, the buttonhole maker referred to in the case of

Danzer v. Nathan, 129 N. Y. Supp. 966, decided herewith, the plaintiff recovered a verdict.

Without passing upon the other questions involved, we think that the judgment and order denying a motion for a new trial must be reversed for errors in the charge.

The court was requested to charge:

"That if the jury find that the defendant Arthur J. Nathan offered to the plaintiff to pay him the amount due for the work done upon the coats in question, and that the plaintiff refused to receive such sum, and claimed to retain the goods until the sum of $201.52 was paid him, and that the defendant Arthur J. Nathan thereafter brought the several proceedings in the Magistrates' Court, and that the defendant Nathan thereafter brought the replevin suit to recover the possession of the coats, and the plaintiff refused to disclose the place where the coats were so that they could not be taken under the replevin suit, and that the defendant Nathan thereafter instituted proceedings in the Magistrates' Court by summons, whereupon he was advised to submit the matter to the District Attorney, which he did, and at the district attorney's advice and counsel made a complaint upon which a warrant was issued, under which the plaintiff was apprehended and arrested, and if the jury find that the said proceedings were instituted by the defendant for a lawful purpose, and without malice, then the verdict of the jury should be for the defendant."

And again:

"That the plaintiff had no right to take any coats belonging to the defendant from Cohen & Cohen's place of business after Cohen's disappearance, for the purpose of securing an indebtedness of Cohen & Cohen to him, however just and meritorious, and the taking of coats belonging to the defendant under such circumstances and the withholding thereof from the defendant after being apprised of the facts thereof constituted larceny."

And again:

"That if the jury find that the plaintiff or his carrier took coats from the place of business of Cohen & Cohen after Cohen's disappearance, and being notified that he had defaulted in payment of his workmen's wages, and upon which coats the plaintiff had done work and delivered the same to Cohen & Cohen without payment therefor, for the purpose of securing his claim, however just and meritorious, and, if after being apprised of the true ownership of the coats, he willfully refused to deliver the coats so taken to the defendant, his actions would constitute larceny."

And again:

"That if the jury find that the plaintiff obtained possession of the coats in question after Cohen had absconded, with the intent and for the purpose of fastening a lien thereon for the balance of $186, then and theretofore due him for work on coats which he had delivered without being paid therefor, and then willfully withheld the coats from the true owner, after demand and an offer to pay the plaintiff for any work done on the coats in his possession, and the plaintiff willfully refused to accept such offer and willfully withheld the coats from the defendant, then it cannot as matter of law be claimed that the prosecution for larceny was without foundation and support of law, and the jury must find for the defendant."

And again:

"That if the jury find that the plaintiff obtained possession of the coats in question after Cohen had absconded, with the intent and purpose of fastening a lien thereon for the balance of $186, and then and theretofore due him for work on coats which he had delivered, without being paid therefor, and then willfully withheld the same from the owner, after demand and offer to pay the plaintiff for any work done on the coats in his possession, and the plain-

tiff willfully refused to accept such offer and willfully withheld the coats from the defendant, and if the jury further find that the defendant believed in good faith that he had probable cause and a legal right to make the complaint in the criminal proceedings and to obtain a warrant and cause the arrest of the plaintiff, and did so, without malice and in the honest belief that he was pursuing the proper course, the jury must give a verdict for the defendant."

There was a sharp conflict in the evidence as to the time when Schwartz obtained possession of the coats and the circumstances under which he obtained the same, as to his purpose in doing so, as to his conduct subsequently thereto, and as to his good faith in the transaction. The court had already instructed the jury in the words of the statute:

"Upon an indictment for larceny, it is a sufficient defense that the property was appropriated openly and avowedly, under a claim of title preferred in good faith, even though such claim is untenable."

. Defendant was entitled to have the jury instructed as to the effect of appropriating the property with violence and secreting the same, and as to the effect of willful conduct not in good faith. An exception was taken to each of these refusals. For the reasons stated in the case of Danzer v. Nathan, 129 N. Y. Supp. 966 (decided herewith), these exceptions seem to us to be fatal.

The judgment and order should be reversed and a new trial granted, costs to abide the event. All concur.